James A. Hunter (JH-1910)
HUNTER & KMIEC
255 West 94th Street, No. 10M
New York, New York  10025
Tel:     (646) 666-0122
Fax:     (646) 462-3356
E-Mail: hunter@hunterkmiec.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA ANN GABRIELE CHECHELE,<br><br>Plaintiff,<br><br>– v. –<br><br>ORCHESTRA-PREMAMAN S.A.,<br><br>Defendant,<br><br>– and –<br><br>DESTINATION MATERNITY CORPORATION,<br><br>Nominal Defendant. | ECF CASE<br><br>No. \_\_\_\_17-cv-9546\_\_\_\_<br><br>COMPLAINT FOR RECOVERY OF SHORT-SWING PROFIT UNDER 15 U.S.C. § 78p(b) |

Plaintiff Donna Ann Gabriele Chechele ("Plaintiff"), by her undersigned attorneys, avers for her complaint as follows:

**INTRODUCTION**

1. This is an action for disgorgement of "short-swing" profit under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).

2. Section 16 is the "original and only express 'insider' trading provision[]" of the Act. Richard W. Jennings et al., Securities Regulation: Cases and Materials 1202 (8th ed. 1998). Its stated purpose is to "prevent[] the unfair use of information that may have been obtained by [an insider] by reason of his relationship to the issuer." *Id.* § 78p(a).

3. Section 16 applies to the directors and officers of every issuer with a class of publicly traded equity securities. *Id.* § 78p(a), (b). It also applies to any beneficial owner of more than 10% of any such class. *Id.* If any such beneficial owner, director, or officer realizes a profit from any purchase and sale, or sale and purchase, of the issuer's equity securities within a period of less than six months, then Section 16(b) requires him to disgorge that profit to the issuer. *Id.* § 78p(b). If he does not disgorge it, Section 16(b) empowers the issuer, or "the owner of any security of the issuer," to bring suit to recover it. *Id.*

4. Section 16(b) liability is strict. The insider must disgorge his profit from a "short-swing" transaction "irrespective of [his] intention . . . in entering into such transaction." *Id.* Recovery never depends on proof of scienter or the actual misuse of inside information. *See Reliance Elec. Co. v. Emerson Elec. Co.*, 404 U.S. 418, 422 (1972).

5. Plaintiff, a stockholder of Destination Maternity Corporation ("Destination Maternity"), brings this suit against one of Destination Maternity's largest investors, Orchestra-Prémaman S.A. ("Orchestra"). While subject to Section 16 of the Act, Orchestra realized more than $200,000 in "short-swing" profit from its purchase and

sale of Destination Maternity's common stock. Under Section 16(b), this profit is now Destination Maternity's lawful property, which Orchestra is strictly liable to account for and repay.

## JURISDICTION AND VENUE

6. Jurisdiction is conferred on this Court by Section 27 of the Act, 15 U.S.C. § 78aa, and by 28 U.S.C. § 1331.

7. Venue lies in this District under Section 27 of the Act (a) because Destination Maternity transacts business in this District, operating at least five stores in Manhattan and the Bronx; and (b) because the transactions described in paragraph 12 below were executed through the facilities of The NASDAQ Stock Market LLC, a national securities exchange registered under Section 6 of the Act, 15 U.S.C. § 78f, and located in this District.

## THE PARTIES

### The Parties to This Action

8. Plaintiff is a natural person, a resident of the State of New Jersey, and a shareholder of Destination Maternity.

9. Defendant Orchestra is a public limited company formed under the law of the French Republic with a principal place of business located in Saint-Aunes, France. At all relevant times, Orchestra's shares have been listed for trading on the Euronext Paris.

10. Nominal Defendant Destination Maternity is a corporation formed under the law of the State of Delaware with a principal place of business located in Moorestown, New Jersey. At all relevant times, Destination Maternity's common stock was registered under Section 12 of the Act, 15 U.S.C. § 78*l*, and was listed for trading on the Nasdaq Global Select Market. Plaintiff brings this action in the right and for the benefit of Destination Maternity, which is named as a nominal defendant solely to have all necessary parties before the Court.

### Other Relevant Parties

11. Yeled Invest S.A. ("Yeled") is a private company formed under the law of the Duchy of Luxembourg with a principal place of business located therein. At all relevant times, Yeled owned approximately 90.55% of the outstanding shares of Orchestra.

### FACTS

### The Purchases

12. In December 2015, Orchestra completed the following open-market purchases of Destination Maternity's common stock:

(a) On December 1, 2015, Orchestra purchased 50,000 shares of Destination Maternity's common stock at an average price of $5.6946 per share;

(b) on December 3, 2015, Orchestra purchased 65,658 shares of Destination Maternity's common stock at an average price of $6.2608 per share;

        (c)    on December 4, 2015, Orchestra purchased 43,613 shares of Destination Maternity's common stock at an average price of $6.6790 per share;

        (d)    on December 7, 2015, Orchestra purchased 94,790 shares of Destination Maternity's common stock at an average price of $7.1128 per share;

        (e)    on December 8, 2015, Orchestra purchased 169,913 shares of Destination Maternity's common stock at an average price of $7.5736 per share;

        (f)    on December 9, 2015, Orchestra purchased 559,311 shares of Destination Maternity's common stock at an average price of $8.2541 per share;

        (g)    on December 10, 2015, Orchestra purchased 87,353 shares of Destination Maternity's common stock at an average price of $8.2233 per share;

        (h)    on December 11, 2015, Orchestra purchased 155,422 shares of Destination Maternity's common stock at an average price of $8.8835 per share; and

        (i)    on December 14, 2015, Orchestra purchased 78,889 shares of Destination Maternity's common stock at an average price of $9.2610 per share.

13.    Orchestra disclosed the purchases of Destination Maternity's common stock described in paragraphs 12(a) through (h) above on a Statement of

Beneficial Ownership on Schedule 13D filed with the SEC on December 14, 2015 (the "Schedule 13D"). Orchestra disclosed the purchase of Destination Maternity's common stock described in paragraph 12(i) above on an amendment to the Schedule 13D filed with the SEC on February 8, 2016 (the "First 13D Amendment").

14. A true and correct copy of the Schedule 13D, in the form in which Plaintiff's counsel downloaded it from the SEC's Electronic Data Gathering, Analysis, and Retrieval (EDGAR) system, is attached as Exhibit A to this complaint.

15. A true and correct copy of the First 13D Amendment, in the form in which Plaintiff's counsel downloaded it from the SEC's EDGAR system, is attached as Exhibit B to this complaint.

16. Orchestra became a beneficial owner of more than 10% of Destination Maternity's common stock as a result of the 559,311-share purchase on December 9, 2015.

17. According to publicly available market data, fewer than 845,000 shares of Destination Maternity's changed hands on the open market on December 9, 2015, and none of those open-market trades exceeded 8,000 shares in volume.

18. Based on that information, Plaintiff believes that Orchestra's reported purchase of 559,311 shares on December 9, 2015 actually occurred over a series of several smaller transactions. As many as 136,432 of these shares may have been purchased after Orchestra crossed the 10% beneficial ownership threshold and became subject to Section 16 of the Act.

**The Sale**

19.     On May 2, 2016, less than six months after the purchases described in paragraph 12 above, Orchestra sold 1,921,820 shares of Destination Maternity's common stock for a total purchase price of €15,816,500, or €8.23 per share.

20.     Orchestra made the sale described in paragraph 19 above to its majority investor, Yeled, pursuant to a Share Transfer Agreement dated May 2, 2016 (the "Share Transfer Agreement").

21.     The Share Transfer Agreement valued the shares sold by Orchestra as described in paragraph 19 above based on a reference exchange rate of approximately EUR/USD = 1.1450, roughly equal to the contemporaneous market exchange rate.

22.     At the specified reference rate, Orchestra received a total dollar equivalent of $18,109,114, or approximately $9.4229 per share, for the 1,921,820 shares it sold on May 2, 2016.

23.     As a result of the sale described in paragraph 19 above, Orchestra fully liquidated its pecuniary interest in 1,921,820 shares of Destination Maternity's common stock.  The transaction also had the effect of increasing Yeled's pecuniary interest in the shares from a 90.55% indirect interest (through Yeled's majority ownership of Orchestra) to a 100% direct interest.

24.     The Share Transfer Agreement also entitles Orchestra to receive additional consideration from Yeled if the latter resells the stock to a third party for more than €8.23 per share on or before May 2, 2018.  Orchestra is not liable for any decline in

the value of the shares.  As of the date of this complaint, no such resale has been disclosed.

25.    Orchestra disclosed the sale of Destination Maternity's common stock described in paragraph 19 above by filing an amendment to the Schedule 13D with the SEC on May 2, 2016 (the "Third 13D Amendment").

26.    A true and correct copy of the Third 13D Amendment, in the form in which Plaintiff's counsel downloaded it from the SEC's EDGAR system, is attached as Exhibit C to this complaint.  It includes a copy of the Share Transfer Agreement, which Orchestra filed as Exhibit 99.1 to the Third 13D Amendment.

**Profit Calculation
and Plaintiff's Demand**

27.    The following table summarizes the transactions in Destination Maternity's common stock for which Orchestra is liable under Section 16(b) of the Act:

| Date of Transaction | Transaction | Number of Shares | Average Price per Share (USD) |
|---|---|---|---|
| 12/09/2015 | Purchase of Common Stock | 559,311 (1) | $8.2541 |
| 12/10/2015 | Purchase of Common Stock | 87,353 | $8.2233 |
| 12/11/2015 | Purchase of Common Stock | 155,422 | $8.8835 |
| 12/14/2015 | Purchase of Common Stock | 78,889 | $9.2610 |
| 05/02/2016 | Sale of Common Stock | 1,921,820 | $9.4229 |

(1) This purchase is subject to Section 16 of the Act to the extent of any shares acquired after Orchestra became a beneficial owner of more than 10% of Destination Maternity's common stock.  *See supra* ¶¶ 16-18.

28. As a result of the transactions described in paragraph 27 above, Orchestra realized a profit of not less than $201,395. Orchestra may have realized significantly more profit depending on how many shares it purchased on December 9, 2015 after becoming a beneficial owner of more than 10% of Destination Maternity's common stock.

29. On September 28, 2017, Plaintiff made demand on Destination Maternity for recovery of the short-swing profit described in paragraph 28 above.

30. More than sixty days have passed since Plaintiff's demand was made, during which time no suit has been filed against Orchestra and no profit has been recovered.

31. Further delay would be futile, Destination Maternity having notified Plaintiff's counsel by letters of October 25, 2017 and November 10, 2017 that it does not intend to take further action against Orchestra.

### SOLE CLAIM FOR RELIEF:
### DISGORGEMENT UNDER 15 U.S.C. § 78p(b)
### (AGAINST DEFENDANT ORCHESTRA)

32. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-31 above.

33. Orchestra has been subject to Section 16 of the Act as a beneficial owner of more than 10% of Destination Maternity's registered common stock at all relevant times since December 9, 2015.

34. While subject to Section 16 of the Act, Orchestra purchased and sold shares of Destination Maternity's common stock as further described herein.

35. Orchestra's sale of Destination Maternity's common stock occurred within less than six months of its purchases of Destination Maternity's common stock as further described herein.

36. Orchestra's sale of Destination Maternity's common stock occurred at a higher price than its purchases of Destination Maternity's common stock as further described herein.

37. Orchestra had a direct or indirect pecuniary interest, in whole or in part, in each purchase or sale of Destination Maternity's common stock as further described herein.

38. Under the "lowest-in, highest-out" method for computing realized profit pursuant to Section 16(b) of the Act, Orchestra realized a profit of not less than $201,395 from its purchases and sale of Destination Maternity's common stock as further described herein. The exact amount of such profit will be determinable after discovery.

39. Under Section 16(b) of the Act, the profit realized by Orchestra as described in paragraph 38 above inured to Destination Maternity and is Destination Maternity's lawful property, recoverable by Plaintiff in its stead, Destination Maternity having failed to prosecute recovery of the same despite Plaintiff's due and timely demand.

**BASIS FOR ALLEGATIONS**

40. Plaintiff's allegations are made on information and belief, except the allegations in paragraph 8 above or where context indicates that the allegation is based on Plaintiff's personal knowledge. The basis for Plaintiff's information and belief

is the investigation of Plaintiff's counsel, which included a review of regulatory filings by Orchestra and Destination Maternity and communications with their representatives.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court for judgment:

(a) Requiring Orchestra to account for and pay over to Destination Maternity the short-swing profit realized and retained by it in violation of Section 16(b) of the Act in an amount not less than $201,395 together with appropriate pre- and post-judgment interest and the costs of this suit;

(b) Awarding Plaintiff her costs and disbursements including reasonable attorney's, accountant's, and expert witness fees; and

(c) Granting Plaintiff such further relief as this Court deems just and proper.

Dated: December 5, 2017
New York, New York

HUNTER & KMIEC

By: *(signature)*

James A. Hunter
255 West 94th Street, No. 10M
New York, New York  10025
Tel:     (646) 666-0122
Fax:    (646) 462-3356
E-Mail:  hunter@hunterkmiec.com

*Attorneys for Plaintiff*